IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>Plaintiff,<br><br>v.<br><br>**STEVEN LEE SIMMONS,**<br><br>Defendant. | **Case No. 6:15-CR-00302-MC**<br><br>OPINION AND ORDER |

**MCSHANE, Judge**:

Defendant Steven Lee Simmons moves for compassionate release under the First Step Act ("FSA") and asks the Court to waive the statute's exhaustion requirements. But because the Court lacks the authority to waive these requirements, Mr. Simmons's Motion for Release from Custody, ECF No. 62, is DENIED with leave to amend for the reasons discussed below.

## DISCUSSION

Congress, through the FSA, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to request the Court directly for a reduction of their criminal sentence through a motion for compassionate relief. The statute allows the Court to modify a defendant's sentence either:

> upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

While Mr. Simmons concedes that he has failed to meet either the administrative exhaustion requirement or the thirty-day lapse requirement, he still argues that the Court has power

1 – OPINION AND ORDER

to create an exception to the statutory requirement due to the ongoing COVID-19 pandemic. Mem. of Law in Support of Mot. for Compassionate Release 3–4, ECF No. 64. Mr. Simmons specifically contends that the language of the statute empowers this Court to formulate a judicial exception. *Id.* at 4.

The Court disagrees. The Supreme Court has explained that "a statutory exhaustion provision stands on a different footing [from judge-made exhaustion doctrines]." *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016). Congressional amendment to the FSA broadened the circumstances in which a district court may entertain a motion for compassionate release, but there are still limitations listed in the statute. "Where Congress specifically mandates it, exhaustion is not merely appropriate but 'required.'" *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004) (citing *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992)). Here, while Mr. Simmons urges the Court to craft an exception, the Court must respect Congressional intent when "specifically mandate[d]." *Id*.

The Court joins multiple sister courts that have found that a defendant must exhaust either their administrative remedies or meet the 30-day lapse requirement, irrespective of the ongoing COVID-19 pandemic. *See United States v. Holden*, No. 3:13-cr-00444-BR, 2020 WL 1673440, at *10 (Apr. 6, 2020); *United States v. Eberhart*, No. 13-cr-00313, 2020 WL 1450745, at *2 (N.D. Cal. March 25, 2020); *United States v. Hernandez*, No. 19-cr-834-PAE, 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020); *United States v. Gileno*, No. 3:19-cr-161-VAB-1, 2020 WL 1307108, at *4 (D. Conn. Mar. 19, 2020). The Court is sympathetic to Mr. Simmons position, but even with Congress's expansion of compassionate release availability with the FSA, the Bureau of Prisons ("BOP") is still the starting point when moving for compassionate release. 18 U.S.C. § 3582(c)(1)(A). BOP has not sat idly by as the COVID-19 pandemic progresses and has instead

enacted policies to combat the spread of infection within its facilities. Fed. Bureau of Prisons, BOP Implementing Modified Operations Plan (Mar. 2020), http://bop.gov/coronavirus/covid19_status.jsp (enacting an operations plan that restricts movement and provides for staff and inmate COVID-19 screening); *see also* Mem. from Att'y Gen. to Dir., BOP 1–2 (Mar. 26, 2020), https://www.justice.gov/file/1262731/download (directing BOP to "grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic" based on certain factors, including "age and vulnerability of the inmate to COVID-19"). While Mr. Simmons may be concerned with whether BOP grants his compassionate release because of COVID-19 concerns, the fact remains that BOP is making administrative decisions in direct response to the ongoing pandemic. *See United States v. Raia*, No. 20-1033, _ F.3d _, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) ("Given BOP's shared desire for a safe and healthy prison environment, we conclude strict compliance with [18 U.S.C.] § 3582(c)(1)(A)'s exhaustion requirement takes on added – and critical – importance.").

"In summary, the Court concludes the administrative-exhaustion provision of the FSA is mandatory [and] . . . [t]his Court, therefore, does not have the authority to excuse an inmate's failure to comply with the exhaustion provision of the FSA." *Holden*, 2020 WL 1673440, at *10. The Court also notes that Mr. Simmons may renew his motion if "BOP denies his request for compassionate release or if the BOP does not decide [his] request for compassionate release within 30 days of the date that the BOP received [Mr. Simmons's] request." *Id.*

## CONCLUSION

For these reasons, Mr. Simmons's Motion for Release from Custody, ECF No. 62, is DENIED with leave to amend once Mr. Simmons meets the statutory exhaustion requirements.

3 – OPINION AND ORDER

IT IS SO ORDERED.

DATED this  17th day of April, 2020.

/s/Michael J. McShane
Michael J. McShane
United States District Judge

4 – OPINION AND ORDER